IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE SHAFFER, | ) |
|       Plaintiff, | ) Civil Action No. 12-319 |
| v. | ) Judge Nora Barry Fischer |
| | ) Chief Magistrate Judge Lisa Pupo Lenihan |
| RUBY TUESDAY, INC., | ) Re: ECF No. 7 |
|       Defendant. | ) |

**REPORT AND RECOMMENDATION**

I. **RECOMMENDATION**

It is respectfully recommended that the Motion to Dismiss filed by Defendant at ECF No. 7 be denied.

II. **REPORT**

    A. Factual Allegations

Plaintiff Michelle Shaffer ("Plaintiff") avers the following in her Amended Complaint. (ECF No. 3.) Plaintiff is over 40 (ECF No. 3 at ¶ 6), was employed by Defendant, and Defendant was an employer within the meaning of the Age Discrimination in Employment Act ("ADEA") (ECF No. 3 at ¶ 3). Plaintiff was hired in 1999 and subsequently promoted to assistant manager and thereafter to general manager in 2004. (ECF No. 3 at ¶ 7.) In 2005, she was transferred to the store in Greensburg, Westmoreland County, Pennsylvania, and worked again in a general manager position. Plaintiff was scheduled to work as a cook from time to time. (ECF No. 3 at ¶ 8.)

1

On November 29, 2008, the store was robbed. (ECF No. 3 at ¶ 10.) Plaintiff was scheduled, and did work, as a cook that evening. (ECF No. 3 at ¶ 9.) In addition, two assistant managers were on duty in a management capacity on that night. (ECF No. 3 at ¶ 13.) Subsequently, Plaintiff was discharged from her employment for failing to follow company policies and procedures to secure cash and the building on the day of the robbery (ECF No. 3 at ¶ 11), while the two assistant managers, aged 23 and 35, were not discharged (ECF No. 3 at ¶ 13). Prior to discharging Plaintiff, Defendant had begun a practice of failing to hire persons 40 years of age and older, demoting persons 40 years of age and older, and firing persons 40 years of age and older. (ECF No. 3 at ¶ 14.)

The Plaintiff filed this action on March 15, 2012. (ECF No. 1.) On May 3, 2012, she filed an Amended Complaint claiming a violation of the ADEA. (ECF No. 3.)

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

B. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 556). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citing *Twombly* at 556-57). The court of appeals has expounded on this standard in light of its decision in *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and the Supreme Court's recent decision in *Iqbal*:

> After *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id*. at 1949-50; *see also Twombly*, 505 U.S. at 555, & n. 3.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In light of *Iqbal*, the *Fowler* court then set forth a two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim. First, the district court must accept all well-pleaded facts as true and discard any legal conclusions contained in the complaint. *Fowler*, 578 F.3d at 210-11. Next, the court must consider whether the facts alleged in the Complaint sufficiently demonstrate that the plaintiff has a "plausible claim for relief." *Id*. at 211. To survive a motion to dismiss, a complaint must show an entitlement to relief through its facts. *Id*. (citing *Phillips* at 234-35).

Courts generally consider only the allegations of the complaint, attached exhibits, and matters of public record in deciding motions to dismiss. *Pension Benefit Guar. Corp. v. White*

3

*Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted). Factual allegations within documents described or identified in the complaint may also be considered if the plaintiff's claims are based upon those documents. *Id*. A district court may consider these documents without converting a motion to dismiss into a motion for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

In support of its Motion to Dismiss, Defendant argues that Plaintiff fails to state a claim upon which relief can be granted because she does not plead sufficient facts to support her entitlement to relief, but rather makes legal conclusions. (ECF No. 15 at 1.)[1] In response, Plaintiff argues that FRCP 8(a) requires a simple and plain statement to suggest an entitlement to relief and to put the defendant on notice of the nature of Plaintiff's claim. (ECF No. 13 at 9.) Plaintiff also argues that she has stated a claim to relief that is plausible on its face. (ECF No. 13 at 3-5.)

C. Analysis

The ADEA makes it "unlawful for an employer . . . to discharge any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a prima facie case under the ADEA, a plaintiff must show:

> first, that the plaintiff is forty years of age or older; second, that the defendant took an adverse employment action against the plaintiff; third, that the plaintiff was qualified for the position in question; and fourth, that the plaintiff was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus.

*Smith v. City of Allentown,* 589 F.3d 684, 689 (3d Cir. 2009) (citing *Potence v. Hazleton Area Sch. Dist.,* 357 F.3d 366, 370 (3d Cir. 2004)). The United States Court of Appeals for the Third

---

[1] In its Reply Brief, Defendant concedes that Plaintiff timely filed the EEOC charge. (ECF No. 15 at 1 n.1.)

Circuit, however, has indicated that the fourth element is flexible. *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 357 (3d Cir. 1999) ("[W]e have repeatedly emphasized that the requirements of the prima facie case are flexible, and in particular that 'the fourth element must be relaxed in certain circumstances'" including cases outside of reduction in force, and that this flexibility is "entirely consistent with *McDonnell Douglas* and *O'Connor* . . . .") (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973); *O'Connor v. Consol. Coin Caterers Corp.,* 517 U.S. 308 (1996) (other citations omitted)). Where a terminated plaintiff is not replaced, a prima facie case requires that the plaintiff plead facts that the challenged employment action was motivated by age. *Husick v. Allegheny County*, No. 07-cv-1175, 2010 WL 1903748, at *8 (W.D. Pa. May 10, 2010). *McDonnell Douglas* and *O'Connor* "clearly require only evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion." *Roach v. Am. Radio Sys. Corp.*, 80 F. Supp. 2d 530, 532 (W.D. Pa. 1999) (citations omitted) (internal quotation marks omitted) (citing *McDonnell Douglas*, 411 U.S. at 802, 805; *O'Connor,* 517 U.S. at 312).

      Defendant does not dispute that Plaintiff has sufficiently alleged that she is in the protected class and that she suffered an adverse employment action. Plaintiff, however, need not allege all elements of the prima facie case in order to survive a motion to dismiss. While "*McDonnell Douglas* provides a burden-shifting scheme" for motions on summary judgment, "the prima facie case requirement under *McDonnell Douglas* is a standard for producing and evaluating evidence, not a pleading requirement." *Garcia v. Newtown Twp.*, No. 09-cv-3809, 2010 WL 785808, at *8 (E.D. Pa. March 5, 2010) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002)). The United States Supreme Court in *Swierkiewicz* clarified that it "'has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas*

5

also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss.'" *Garcia,* 2010 WL 785808, at *8 (quoting *Swierkiewicz*, 534 U.S. at 511). The Third Circuit has held that *Swierkiewicz* required giving fair notice of the claims to be sufficient at the motion to dismiss stage. *Garcia*, 2010 WL 785808, at *8 (citing *Nix v. Welch & White, P.A.*, 55 F. App'x 71, 72-73 (3d Cir. 2003)).

Instead, "to sufficiently allege disparate treatment on the basis of age, [Plaintiff] must allege that (1) her age played a role in the employer's decision, and (2) her age had a 'determinative influence' on the result of that decision." *Garcia*, 2010 WL 785808, at *9 (citing *Monaco v. Am. Gen. Assurance Co.*, 359 F.3d 296, 300 (3d Cir. 2004)).

Accepting as true all of the factual allegations alleged in the Complaint and all reasonable inferences that can be drawn therefrom, Plaintiff avers sufficient facts to raise a plausible claim for age discrimination under the ADEA. The Plaintiff has averred that the retained employees were sufficiently younger to raise an inference of age-based animus and that her age had a determinative influence on the Defendant's decision to discharge her. Plaintiff had been employed for approximately four years as the store manager, and it is reasonable to infer that Plaintiff was qualified to work as store manager. Younger employees, not discharged for failure to secure cash and premises, were on management duty the night of a robbery. Plaintiff, discharged for failure to secure cash and premises, however, was on duty as a cook when the business was robbed. It is reasonable to infer that because she was not on duty in a management capacity on the night of the robbery, it was also the responsibility of the two assistant managers to ensure adherence to the policies and procedures to prevent the robbery. Hence, these averments support the inference that the reasons given for her discharge are a pretext for age discrimination. Plaintiff avers that Defendant had "a practice of . . . failing to hire persons" over

40, and "demoting . . . and firing persons 40 years of age or older." (ECF No. 3 at ¶ 14.) Second, the retained employees who were on duty in a management capacity and who were not discharged were age 23 and 35, that is, nineteen and seven years younger than the Plaintiff. Consequently, Plaintiff has averred sufficient facts to state a plausible claim for age discrimination pursuant to *Twombly* and its progeny.

III. **CONCLUSION**

It is respectfully recommended that the Motion to Dismiss filed by Defendant at ECF No. 7 be denied.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2., the parties are allowed fourteen (14) days from the date of service to file objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: November 26, 2012

BY THE COURT:

_____
LISA PUPO LENIHAN
Chief United States Magistrate Judge

cc: All Counsel of Record
Via Electronic Mail